IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CESSNA FINANCE CORPORATION,

        Plaintiff

vs.                                                   Case No. 13-1311-SAC

VYWB, LLC and PARMJIT S. PARMAR,

        Defendants.

MEMORANDUM AND ORDER

The plaintiff Cessna Finance Corporation ("Cessna") filed a two-count petition in the District Court of Sedgwick County, Kansas, to recover amounts due from the defendant VYWB, LLC on two notes and amounts due from the defendant Parmjit S. Parmar ("Parmar") on two guaranties. The defendant Parmar filed a notice of removal on August 22, 2013, in which he asserts that not until July 23, 2013 did he receive notice of the state court action or receive notice of the state court summons and petition. (Dk. 1, ¶¶ 13 and 14). In his attached affidavit, Parmar avers that while Cessna's return on service shows delivery to his residence on June 25, 2013, he was not at his residence on this day nor was anyone there who was authorized to act as his agent. (Dk. 1-4, ¶¶ 3 and 6). Parmar further avers that he first learned on July 23, 2013, of the United Parcel Service ("UPS") package left at his residence in his absence and immediately directed that the package be opened. *Id.* at ¶ 7. At which time, he was made aware of Cessna's

documents making legal claims against him. *Id*. at ¶ 8. Thus, Parmar asserts his notice of removal was filed within the 30 day-period required in 28 U.S.C. § 1446(b). (Dk. 1, ¶ 18).

The plaintiff Cessna moves to have the action remanded arguing that Parmar's notice was untimely filed more than 30 days "after the initial pleading was received through service of process." (Dk. 12, p. 1). Cessna's counsel's legal secretary avers she caused a copy of Cessna's filed summons and petition "to be given to the United Parcel Service for Ground Service delivery" and "requested email notifications and delivery confirmation with adult signature required." (Dk. 12, p. 7, Ex. A). Cessna's counsel signed the "Return on Service" and attached the UPS electronic receipt showing the petition and summons were delivered to Parmar's residence at "19 Colts Gait Ln, Colts Neck, New Jersey" and an adult, "PAFMAR" signed for it. (Dk. 1-2, pp. 3-6). Thus, Cessna's attorney certified that he had served the "Petition and Summons upon Parmit S. Parmer, individually, and as a member of VYWB, LLC, by United Parcel Service Ground Delivery on June 25, 2013." (Dk. 1-2, pp. 3).

As noted, § 1446(b) requires the notice of removal to "be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . ., or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court . . ., whichever period is shorter." The Supreme Court has

construed § 1446(b) as requiring formal service and not "mere receipt." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). Notably, the Court looked to state law on the question of "formal service," but it remarked that § 1446(b) was intended to cure some disparate state practices and "[t]o ensure that the defendant would have access to the complaint before commencement of the removal period." *Id.* at 351, 353.

Having limited jurisdiction, federal courts employ a presumption "against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995). The party seeking removal is given the burden to show the propriety of removal and the existence of removal jurisdiction. *Ortiz v. Biscanin*, 190 F. Supp. 2d 1237, 1241 (D. Kan. 2002); *see McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Baby C v. Price*, 138 Fed. Appx. 81, 83-84, 2005 WL 1377812 at *2 (10th Cir. 2005). Federal courts strictly construe removal statutes and resolve all doubts in favor of remand. *See Ortiz v. Biscanin*, 190 F. Supp. 2d at 1241. The failure to file a notice of removal within the statutory requirement of thirty days renders the removal defective and results in remanding the case to the state court. *Huffman v. Saul Holdings Ltd. Partnership*, 194 F.3d 1072, 1077 (10th Cir. 1999); *First Nat. Bank & Trust Co. in Great Bend v. Nicholas*, 768 F. Supp. 788, 790 (D. Kan. 1991). Thus, it rests with the defendant to demonstrate that his notice of removal

was filed within the statutory thirty-day period. As summarized above in the opening paragraph, the defendant Parmar asserts and avers that he was not aware of and did not receive notice of the summons and petition until July 23, 2103, and that he filed his notice of removal within 30 days thereafter.

The plaintiff Cessna 's motion for remand does not contest the facts stated in Parmar's notice of removal. Namely, Cessna does not challenge Parmar's averments that neither he nor any authorized agent signed for the UPS delivery on June 25, 2013. Cessna leaves uncontroverted Parmar's averment that he was not aware of Cessna's lawsuit before July 23, 2103, when the UPS package was opened and its contents were identified to him. Instead, Cessna's position is that service under K.S.A. 60-303(c) is "deemed perfected upon delivery of the mail, addressed to the person to be served, regardless of whether the defendant actually signs for the package or personally accepts deliver." (Dk. 12, p. 5)(italics and bolding deleted). Thus, Cessna's motion to remand is based exclusively on the proposition that Kansas law regards the service by return receipt delivery complete upon the arrival of the summons and complaint at Parmar's residence without regard for whether the summons and complaint were received by the addressee or an authorized agent. Cessna seeks remand arguing that neither Parmar nor his authorized agent need to receive the return receipt delivery to trigger the 30-day removal.

The defendant Parmar counters that service under K.S.A. § 60-303(c) requires delivery of the summons and petition to Mr. Parmar and that the electronic return receipt fails to identify a specific person having received the delivery on June 25, 2013. The defendant avers that neither he nor an authorized agent received the delivery at his residence on June 25, 2013, and that no person named "Parmar" was at his residence on that day. (Dk. 14-2). Against his affidavit, the defendant Parmar challenges the electronic return receipt as insufficient proof of valid service, because the receipt fails to specify the identity of the person receiving delivery. The defendant Parmar also contends that service of process by return receipt delivery must be "to the party addressed." K.S.A. § 60-303(c)(1). The authorities cited by the plaintiff for delivery effective upon arrival at the residence are distinguishable based on the statutory terms and on the facts involved.

The court's analysis begins with the actual terms of the applicable Kansas statutes. Because plaintiff was serving the defendant Parmar at his residence in New Jersey, the first statute to consider is K.S.A. 2012 Supp. § 60-308(a)(2)(B), which provides in relevant part:

> The service of process must be made: . . . (B) by a party or the party's attorney pursuant to subsection (c) of K.S.A. 60-303, and amendments thereto. No order of a court is required. The server must file an affidavit or declaration pursuant to K.S.A. 53-601, and amendments thereto, or any other competent proof, stating the time, manner and place of service. The court may consider the affidavit, declaration or any other competent proof in determining whether service has been properly made.

5

The plaintiff Cessna asserts it relied on the service of process available in K.S.A. 2012 Supp. § 60-303(c), and its return receipt delivery provisions which read:

> (c) *Service by return receipt delivery.* (1) Service of process may be made by return receipt delivery, which is effected by certified mail, priority mail, commercial courier service, overnight delivery service or other reliable personal delivery service **to the party addressed**, in each instance evidenced by a written or electronic receipt showing to whom delivered, the date of delivery, the address where delivered and the person or entity effecting delivery.
>     (2) The sheriff, party or party's attorney must give to the person or entity effecting delivery a copy of the process and petition or other document in a sealed envelope, with postage or other delivery fees prepaid, addressed to **the person to be served in accordance with K.S.A. 60-304**, and amendments thereto.
>     (3) Service of process is obtained under K.S.A. 60-203, and amendments thereto, upon the delivery of the sealed envelope.
>     (4) After service and return of the return receipt, the sheriff, party or party's attorney must execute and file a return of service. The return of service must state the nature of the process, to whom delivered, the date of delivery, the address where delivered and the person or entity effecting delivery. It must include a copy of the return receipt evidencing delivery.
>     (5) If the sealed envelope is returned with an endorsement showing refusal to accept delivery, the sheriff, party or the party's attorney may send a copy of the process and petition or other document by first-class mail, postage prepaid, addressed to the party to be served, or may elect other methods of service. If mailed, service is considered to be obtained three days after the mailing. Mailing must be evidenced by a certificate filed with the clerk. If the unopened envelope sent by first-class mail is returned as undelivered for any reason, service is not obtained and the sheriff, party or party's attorney must file an amended certificate with the clerk indicating nondelivery. Mere failure to claim the sealed envelope sent by return receipt delivery is not refusal of service within the meaning of this subsection.

(bolding added). Because K.S.A. 2012 Supp. § 60-303(c)(2) specifies that the sealed envelope must be "addressed to the person to be served in

6

accordance with K.S.A. 60-304," the court also must consider this statute that provides in relevant part:

> As used in this section, "serving" means making service by any of the methods described in K.S.A. 60-303, and amendments thereto, unless a specific method of making service is prescribed in this section. Except for service by publication under K.S.A. 60-307, and amendments thereto, service of process under this article must be made as follows:
> *Individual.* On an individual other than a minor or a disabled person, **by serving the individual or by serving an agent authorized** by appointment or by law to receive service of process. If the agent is one designated by statute to receive service, such further notice as the statute requires must be given. Service by return receipt delivery must be addressed to an individual at the individual's dwelling or usual place of abode and to an authorized agent at the agent's usual or designated address. If the sheriff, party or party's attorney files a return of service stating that the return receipt delivery to the individual at the individual's dwelling or usual place of abode was refused or unclaimed and that a business address is known for the individual, the sheriff, party or party's attorney may complete service by return receipt delivery, addressed to the individual at the individual's business address.

(bolding added).

A plain reading of these provisions offers the following. For service on individuals outside of Kansas, § 308 authorizes the service available under § 303(c) defined as the return receipt delivery of process effected by one of the listed services "to the party addressed." Paragraph one of § 303(c) also requires the serving party to provide a written or electronic receipt evidencing certain details about the service. Paragraph two specifies that the process is to be packaged in a sealed envelope "addressed to the person to be served in accordance with K.S.A. 60-304." Knowing what method of service is allowed and what it generally constitutes from §

7

60-303, one then goes to K.S.A. § 60-304 to confirm the person on whom the service must be made and the location for that service. *See Remmers v. Brotherhood of Maintenance of Way Employees*, 2012 WL 2449887 at *2 (D. Kan. 2012) ("K.S.A. § 60-304 governs on whom service must be made.").

Section 60-304(a) specifies the following. For an individual, service of process must be on the individual party or on the party's authorized agent. Service by return receipt delivery "must be addressed to an individual at the individual's dwelling." K.S.A. § 60-304. Finally, if the delivery sent to the dwelling "was refused or unclaimed," then delivery may be made to the "individual's business address."

The plain terms of § 60-303(c) and § 60-304(a) do not define return receipt delivery to include a delivery to the properly addressed residence when that delivery was not to the addressee or to the addressee's authorized agent. There is no language in these provisions that defines service as being complete upon leaving a copy and of the summons and petition at the addressed residence without regard for its delivery to the addressee.[1] Instead, both provisions make unquestionably plain that service

---

[1] The plaintiff's position is akin to what would be "residence service" which is addressed at § 60-303(d). The plaintiff, however, emphatically denies that it relied on this provision in making service here. Dk. 12, p. 4. Frankly, this begs the question of the logic in the plaintiff's interpretation of these provisions. What would be the valid reason for the Kansas legislature writing § 60-303(c) to allow residence service while omitting the additional protections afforded by the requirements of § 60-303(d)(1)(B) for residence service?

8

is not complete until delivered, and the delivery must be to the addressed party, in this case, the individual party at his dwelling.

Case law applying these statutes supports this plain reading. "[S]ection 60-303(c)(1) . . . requires personal delivery service to the party addressed." *Brooks v. 10th Circuit Court of Appeals*, 2010 WL 3878658 at *2 (D. Kan. 2010) (statutory requirements of service are not met when the delivery is received by an individual other than the party to which the delivery is addressed). "To effectuate service by certified mail in Kansas, plaintiff must deliver a copy of the summons and complaint to defendant." *Davis v. Shawnee Mission Medical Center, Inc.*, 2008 WL 4758591 at *9 (D. Kan. 2008), *aff'd*, 353 Fed. Appx. 95 (10th Cir. 2009).

This holds true in the state courts too. In the recent case of *Fisher v. DeCarvalho,* 45 Kan. App. 2d 1133, 260 P.3d 1224 (2011), *rev. granted*, --- Kan. --- (May 21, 2012), the Kansas Court of Appeals applied § 60-303(c) and § 60-304 working from the premise that personal delivery to a party was required. The plaintiff Fisher had mailed the summons and petition to the defendant DeCarvalho's business office by certified mail without a request for restricted delivery and without first attempting service at the defendant's dwelling. The Kansas Court of Appeals held:

> As the district court noted, nothing in the record indicates that Fisher satisfied any of these prerequisites before she attempted to serve DeCarvalho at his business address. Fisher makes no claim that she first attempted to serve DeCarvalho by return receipt delivery at his dwelling house or usual place of abode. Furthermore, the record does not reflect a return on service indicating that delivery at DeCarvalho's

9

> dwelling house or usual place of abode was refused or unclaimed. Finally, Fisher's attempt to serve DeCarvalho by certified mail at his business address **was not sent by restricted delivery, which would have ensured delivery was made to the proper party**.
> 
> DeCarvalho also argues that Fisher failed to comply with the procedure outlined in K.S.A. 60–304(a) because she **failed to ensure that either he or his authorized agent received service**. DeCarvalho is correct in this assertion, as the return receipt states that an unknown third person named Phyllis Bieker received the petition on December 2, 2009. As the district court noted, the return receipt did not designate Bieker as DeCarvalho's agent and the record does not indicate that Bieker was authorized to accept service on DeCarvalho's behalf. Thus, Fisher did not properly serve process on DeCarvalho when she attempted to serve him at his business address via certified mail, as she did not comply with the procedure outlined in K.S.A. 60–304(a).

45 Kan. App. 2d at 1140-41 (bolding added). The *Fisher* decision does not accommodate Cessna's position that it is enough to prove an unknown third person has received the petition and summons. *See also Watson v. Narine*, 2006 WL 90098 at *1 (Kan. App. 2006) (Out-of-state "personal delivery service to the party addressed" was insufficient, in part, because the record failed to show that the person signing the receipt was an authorized agent).

Cessna's arguments to the contrary are not persuasive. First, it offers a strained and overbroad reading of § 60-303(c)(3), which states: "Service of process is obtained under K.S.A. 60-203, and amendments thereto, upon the delivery of the sealed envelope." Presumably, Cessna is reading "delivery" to mean no more than the physical act of bringing the petition and summons to the residence. And in doing so, Cessna necessarily reads out any requirement that the delivery be "to the addressed party." Cessna's reading of "delivery" ignores the plain terms of § 60-303(c)(1) that

defines return receipt delivery as the composite act of effecting delivery "to the party addressed." There is no apparent logic or purpose served in having allowing "delivery" mean anything less than what the statute otherwise requires for delivery. If that were the proper meaning of "delivery," then what keeps it from also sweeping out the other principal requirement from § 60-303(c), that is, a reliable delivery service. In order for all parts of the Kansas statutes to retain their force and effect, the court interprets "delivery" in § 303(c)(3), as meaning the act of delivery completed in compliance with Kansas law, including the requirement of the delivery being "to the party addressed," § 303(c)(1).[2]

For its position, Cessna offers several legal citations that are distinguishable or dated, and the court will address them summarily following the order by which Cessna cited them. As its first and most argued authority, Cessna cites *Beck v. Atlantic Contracting Co., Inc.*, 157 F.R.D. 61, 63 (D. Kan. 1994), which interprets a version of K.S.A. 60-308(e) that is no

---

[2] Cessna raises in its reply brief what it terms "a policy matter" in making a plaintiff who fully complies with the law at the mercy of the postal employee. As *Fisher* points out, a plaintiff in Cessna's position could have the added protection of using restricted delivery. In the end, the risk of human error will always remain where human effort is involved. Since "[s]ervice of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant," a court typically refrains from exercising power over a party who has not been served. *Murphy Bros.* 526 U.S. at 350. Having selected and retained the personal delivery service, Cessna offers no plausible policy argument for why the risk should not fall on it when the service commits an error.

longer the law in Kansas.[3] Specifically, *Beck* applied "the plain language of K.S.A. 60-308(e), which provides that service 'may be by certified mail, evidenced by return receipt signed by *any person*'" as dictating the "result" that delivery by certified mail to someone other than the addressed party does not invalidate service. 157 F.R.D. at 63 n.2. The conclusion in *Beck* is against restricting delivery to the party, and the court relied on the "any person" language in § 308(e) and on a decision by the Ohio Court of Appeals interpreting a similar statute. *Id.* at n.3. Not only does Cessna fail to cite any similar term regarding "any person" in the current Kansas statutes being applied here, but it also does not discuss how the *Beck* decision can be squared with the more recent Kansas Court of Appeals decision in *Fisher*. Moreover, the holding in *Beck* is inapplicable, as it involved service on a business by leaving the summons and petition with the person in charge of a business office pursuant to K.S.A. 60-304(e). *See Porter v. Wells Fargo Bank, N.A.*, 45 Kan. App. 2d 931, 936-37, 257 P.3d 788 (2011) (distinguishes *Beck* in part on this ground also). There is nothing in the individual service provision of K.S.A. 60-304 that speaks of "leaving" the

---

[3] In 2000, the Kansas Legislature changed "Service of any out-of-state process may be by certified mail, evidenced by return receipt signed by any person or by restricted delivery" to "Service of any out-of-state process by return receipt delivery shall include service effected by certified mail, priority mail, commercial courier service, overnight delivery service, or other reliable personal delivery service to the party addressed, in each instance evidenced by a written or electronic receipt showing to whom delivered, date of delivery, address where delivered, and person or entity effecting delivery." 2000 Kan. Sess. Laws Ch. 175, § 3.

summons and petition at the residence. As for the cited decision of *Fulcher v. City of Wichita*, 445 F. Supp. 2d 1271, 1274-75 (D. Kan. 2006), it too is distinguishable, for it addresses service upon a governmental body, K.S.A. 60-304(d), which expressly allows service upon more than the properly addressed official.

The court has read and considered the commentary cited by Cessna which includes the statement that § 60-303(c) "does not expressly require that the process must be delivered to a person." 4 Kan. Law and Practice (5th ed.) § 60-303 p. 395 (2012). The court construes this paragraph in the commentary as speaking largely to what the statute requires as evidence for proving the validity of service and as critiquing the statute's failure to require a recipient's signature. The commentary opens the paragraph with the above quoted statement and links it to the statute's omission of any proof requirement for a recipient's signature.[4] Our issue here is not with evidentiary proof of service, as Cessna apparently concedes that the defendant's evidence establishes that neither he nor an authorized agent received the summons and petition on June 25, 2013, when the package arrived at the defendant's residence. Instead, the issue as framed by Cessna is whether service by return receipt delivery is obtained under

---

[4] The analysis offered in that paragraph is not applicable here, and to the extent that one wants to argue its applicability, the court is not drawn to its logic. A receipt showing "no one" as the recipient would not appear to satisfy the requirement for a "receipt showing to whom delivered," because "whom" reasonably refers to someone, as in a person who existed.

13

K.S.A. § 60-303(c), K.S.A. 60-304(a) and 28 U.S.C. § 1446(b) when the package arrives at the addressed party's residence but is not delivered to or received by the addressed party or that party's authorized agent. For all the reasons stated above, the court's ruling on this issue is that the return receipt delivery here did not trigger the 30-day period in § 1446(b) on June 25, 2013, as argued by Cessna.

In the alternative, if the court had accepted Cessna's proposed reading and application of K.S.A. § 60-303(c) on these uncontroverted facts, then the court still would have denied the motion to remand on the following ground. Cessna's reading essentially would allow § 60-303(c) to make service complete in the absence of actual delivery to the defendant or authorized agent. In that case, the court would be inclined to apply § 1446(b) consistent with holding and analysis stated here:

> It [*Pilot Trading Co. v. Hartford Ins. Group*, 946 F. Supp. 834 (D. Nev. 1996)] noted although case law was somewhat conflicting, courts have more recently held that even where such a mailbox rule is provided by state statute, actual receipt of the complaint and summons is required for purposes of calculating the federal period of removal. *Id*. at 837-838. The Pilot court further reasoned that such an outcome was appropriate in light of the notice rationale behind service, the legislative history of § 1446(b), and concerns about allowing state procedural law to control federal removal jurisdiction. *Id*. at 838–39.
> . . . .
> The weight of the case law suggests that it is actual receipt by the defendant that controls for purposes of § 1446(b), regardless of when a state deems service complete. The Court agrees that a sensible interpretation of § 1446(b) requires that the removal period be triggered only upon receipt of the pleadings by the defendant or an agent designated by defendant. That section was designed to provide adequate time for defendants to exercise their rights to removal. *See* S.Rep. No. 712, at * 2 (noting need to amend the removal statute

14

> because the "existing 20–day period for filing a petition ... is too short to permit the removal of many actions"). To hold that the removal period was triggered not by receipt of the petition and summons by CSC but rather by the mailing of those documents by the Commissioner would undermine that goal, as it would subject defendants to varying periods of removal based on the length of time it took for documents to travel from the Commissioner to the party being served. Such an outcome would clearly contravene much of the reasoning in *Murphy Bros.* as well as the intent behind § 1446(b). Conditioning the beginning of the period for removal on actual receipt of the pleadings by the defendant or defendant's agent ensures that federal goals of notice and consistency are not sacrificed to state rules of procedure.

*Denny v. Illinois National Insurance Co.*, 2010 WL 5141656 at *4-*5 (N.D. Okla. 2010). The court is persuaded by this approach of not commencing the removal time period in § 1446(b) until the defendant or agent actually receives the summons and complaint. This is consistent with what the Supreme Court in *Murphy Bros* said about the legislative purpose behind § 1446(b), "[t]o ensure that the defendant would have access to the complaint before the commencement of the removal period." Cessna is not entitled to the relief requested in its motion.

      IT IS THEREFORE ORDERED that the plaintiff's motion to remand (Dk. 11) is denied.

      Dated this 13th day of November, 2013, Topeka, Kansas.


      s/Sam A. Crow
      Sam A. Crow, U.S. District Senior Judge